## Rowland v. Commonwealth.

(Decided October 3, 1922.)

## Appeal from Laurel Circuit Court.

1. Criminal Law—New Trial—Trial Court Must Resort to Affidavits Filed and Evidence Heard.—In determining whether or not a new trial should be granted, a trial court which has no personal knowledge of the matter can resort only to the affidavits filed and the evidence heard in open court.

2. Criminal Law—New Trial—Accident and Surprise.—Where the Commonwealth's attorney agreed to dismiss the case with the approval of the presiding judge, and so informed defendant who lived in another county, and defendant was thereby misled and prevented from appearing and making defense, the facts make out a case of surprsie that will authorize a new trial.

3. Criminal Law—Appeal and Error—New Trial—Abuse of Discretion.—Where, in support of his motion for a new trial, defendant filed an affidavit that the Commonwealth's attorney had agreed to dismiss the case with the approval of the presiding judge, and he was thereby misled and prevented from making defense, and the affidavit was not only uncontradicted, but was corroborated in a way by the minute of the Commonwealth docket that the case was first set for trial on the 13th day of the term, and then "passed for Commonwealth's attorney," the trial court abused a sound discretion in refusing appellant a new trial.

LEWIS & LEWIS for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

## Opinion of the Court by Judge Clay—Reversing.

At the October, 1921, term of the Laurel circuit court appellant, Gordon Rowland, was indicted for the offense of unlawfully transporting intoxicating liquors. He was tried in his absence at the February term, 1922, and his punishment fixed at a fine of $300.00 and imprisonment in the county jail for sixty days. He asked a new trial on the ground that, notwithstanding his plea of "not guilty," the indictment was taken for confessed and the court instructed the jury to find him guilty, and on the further ground that the Commonwealth's attorney had agreed to dismiss the case, and by reason thereof appellant was prevented by accident and surprise from appearing and making defense. The court first entered an order granting appellant a new trial on the first ground, but subsequently set aside the order because he recalled

that upon the trial evidence was regularly heard and the question of guilt submitted to the jury. At the same time the court stated that upon investigation he was satisfied that the defendant evidently knew that the case was not dismissed at the last term of the court.

The only question we deem it necessary to consider is whether a new trial should have been granted on the ground of accident and surprise. The facts relied on and supported by the affidavit of appellant are as follows: When the case was called at the October term of the court, he entered a plea of "not guilty," and the case was set for trial on the 13th day of the term. It was not then tried because the Commonwealth's attorney agreed to file a written statement and enter an order dismissing the charge, to which the then presiding judge assented. Appellant then lived in Corbin, Kentucky, an adjoining county, and returned to his home believing and relying upon the promise and agreement of the Commonwealth's attorney to dismiss the charge. He did not know or learn that the same had not been done until after the case had been called for trial and judgment had been rendered against him, and by reason of the foregoing facts he was misled and prevented from being present and making defense. While the order overruling the motion for a new trial recites, as before stated, that "the court upon investigation is satisfied that the defendant evidently knew that this case was not dismissed at the last term of the court," the record does not show that any counter-affidavits were filed by the Commonwealth, or that any contrary evidence was heard by the court. Therefore, the investigation made by the court was a private investigation and not a judicial investigation. In determining whether or not a new trial should be granted, a trial court which has no personal knowledge of the matter can resort only to the affidavits filed, and the evidence heard in open court. If the rule were otherwise, the power of review given to this court would be of little value, since it could be said in every case that the trial court's action was sustained by private investigation. It cannot be doubted that if the Commonwealth's attorney agreed to dismiss the case with the approval of the presiding judge, and so informed the appellant who lived in another county, and appellant was thereby misled and prevented from appearing and making defense, the facts make out a case of surprise that will authorize a new trial, and as appellant's affidavit is not only uncontradicted,

but is corroborated in a way by the minute on the Commonwealth's docket, that the case was first set for trial on the 13th day of the term and then "passed for the Commonwealth's attorney," we conclude that the trial court abused a sound discretion in refusing appellant a new trial.

Judgment reversed and cause remanded for a new trial.